W. JONES, J.
dissenting.
I respectfully dissent because, in my opinion, res judicata does not bar KEC’s cause of action. The Court held that, under I.R.C.P. 13(g), a party need not bring a cross-claim that is permissive in nature; however, when a defendant asserts a cross-claim against a party, the cross-claimant becomes a plaintiff for res judicata purposes, and is required to assert all claims against the cross-defendant that arose from the subject matter of the initial cross-claim. I respectfully disagree with the majority’s interpretation of the interplay between Idaho R. Civ. P. 13(g) and res judicata. In my opinion, EEC’s cross-claim for apportionment of fault in the Kuntz suit did not require KEC to assert all claims it had against Lamar, including indemnification, arising from the subject matter of the original cross-claim.
The plain language of I.R.C.P. 13(g), which uses the word “may,” indicates that the pleading of a cross-claim for indemnification is permissive. In contrast, I.R.C.P. 13(a) is mandatory: “A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party.” (Emphasis added). In this case, if EEC had filed a claim for indemnification in the Kuntz lawsuit, it would have been characterized as a cross-claim under I.R.C.P. 13(g), rather than a counterclaim under I.R.C.P. 13(a), because KEC and Lamar were both defendants in the Kuntz lawsuit. Lamar had not sued KEC, so any claim by KEC against Lamar was not an I.R.C.P. 13(a) compulsory counterclaim. Lamar has failed to point to any authority that would authorize this Court to hold that I.R.C.P. 13(g) cross-claims are rendered compulsory merely by a party requesting the court to apportion fault.
The Court argues that the Idaho district court was correct in holding that EEC was required to assert all cross-claims once it requested apportionment. Yet, the only relevant case presented by Lamar is Puckett v. City of Emmett, 113 Idaho 639, 641, 747 P.2d 48, 50 (1987), which is clearly distinguishable from the present case. In Puckett, citizens filed suit for wrongful arrest against a police officer (Puckett) and the city. The citizens settled out of the suit, leaving only Puckett’s cross-claim against the city for a 42 U.S.C. § 1983 action based on Puckett’s alleged wrongful discharge. In that case, this Court stated: “Once the [citizens] settled their action with the city ... Puckett’s position evolved into one more similar to that of a plaintiff than a cross-claiming co-defendant.” Id. at 641, n. 2, 747 P.2d at 50. This Court in that case properly characterized Puckett as a plaintiff because he was litigating the same issues on the merits that he had raised in his cross-claim and he was no longer a co-party with the city. EEC’s position is distinguishable because EEC is not currently relitigating the merits of the fault allocated in the Kuntz lawsuit; rather, EEC is litigating a separate cause of action based on its statutory right to indemnification from Lamar under the HVA. EEC was not required to raise its indemnity claim in the Kuntz lawsuit since it was clearly a permissive cross-claim under I.R.C.P. 13(g) and the cross-claim against Lamar for apportionment of liability does not change that fact.[4] Accordingly, in my opinion, EEC’s failure to assert its indemnification claim in the Kuntz lawsuit does not bar the action by res judicata.
The Court correctly lays out the elements pertaining to issue preclusion (collateral estoppel) and claim preclusion (res judicata). When analyzed under the elements, EEC’s indemnification claim is not precluded. The common elements of issue preclusion and claim preclusion as applied in this ease are whether the issue or claim sought to be *124 precluded was previously litigated and whether a final judgment on such issue or claim was previously entered. Additionally, this Court has interpreted claim preclusion to hinge on whether the matter “might and should have been litigated in the first suit.” Ticor Title, 144 Idaho at 126, 157 P.3d at 620.
Neither issue preclusion nor claim preclusion preclude EEC’s claim for indemnification under the HVA because EEC never pleaded that claim in the Euntz lawsuit. In response to EEC’s post-trial motion for indemnification under the HVA, the federal district judge in the Euntz lawsuit, stated: “[HJaving not pled [indemnity under the HVA], it’s not before me unless I find somehow we can amend the pleadings in a post-trial context; and I don’t believe we can.” Although EEC mentioned that Lamar and Euntz violated the HVA in its Answer in the Euntz lawsuit, EEC never specifically claimed indemnification or requested damages under the HVA. Moreover, EEC’s cross-claim for apportionment of liability was clearly not a claim for indemnification. Thus, EEC’s claim for indemnity was never litigated or ruled on by the court and was not a claim that should have been litigated because it was clearly a permissive cross-claim under I.R.C.P. 13(g). Accordingly, in my opinion, EEC’s claim for indemnification is not barred by res judicata.
Chief Justice EISMANN concurs.

. It is curious why a cross-claim was filed to apportion liability since typically apportionment of liability among tortfeasors is simply a matter of requesting a jury instruction and special verdict form providing for it.